[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 10-12593

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 27, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:09-cr-60245-WPD-6

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RAFAEL FERNANDEZ GARCIA,

Defendant - Appellant.

Appeal from the United States District Court
for the Southern District of Florida

(October 27, 2011)

Before EDMONDSON, MARTIN and SUHRHEINRICH,[*] Circuit Judges.

PER CURIAM:

Defendant Rafael Fernandez Garcia and his co-conspirators were charged

---

[*]Honorable Richard F. Suhrheinrich, United States Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation.

with various drug and firearm offenses for conspiring to rob a drug stash house and steal cocaine. Garcia's role in the conspiracy was to impersonate a police officer conducting a "raid" on the house. He appeals his conviction and sentence for conspiracy to commit robbery by taking cocaine by force from an individual believed to be engaged in narcotics trafficking, in violation of the Hobbs Act, 18 U.S.C. § 1951(a); conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846; attempt to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846; and conspiracy to use and carry a firearm during and in relation to a crime of violence and a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(o). The jury acquitted him of use and carrying of a firearm during and in relation to a crime of violence and a drug trafficking crime, in violation of 21 U.S.C. §§ 924(c)(1)(A), 2.

Garcia raises six issues on appeal. First, Garcia claims there was insufficient evidence to prove that Garcia knew that the object of the conspiracy was to steal cocaine. We disagree. Codefendant Amaury Hernandez testified at trial, stating that on the day of the planned robbery, all of the co-conspirators met and "spoke about the robbery we were going to do to get the cocaine and what each one was going to do, their role." Such direct evidence is sufficient to prove

that Garcia was fully aware that the goal of the conspiracy was to rob cocaine.

Second, Garcia argues that the district court abused its discretion in admitting Garcia's involvement in three prior violent kidnaping incidents under Fed. R. Evid. 404(b). We reject this argument. Garcia's defense at trial was that he was not a knowing participant in the conspiracy but merely in the wrong place at the wrong time. The evidence established that Garcia's role in the conspiracy was to dress as a law enforcement officer, and that he and his co-conspirators, in addition to stealing cocaine, planned to kidnap the stash house guards and hold them for ransom. The prior bad acts were very similar to the charged criminal conduct. Garcia's 2008 prior conviction also involved impersonation of a police officer and kidnaping an individual. On August 13, 2009, Garcia was dressed as an undercover police officer during another attempted kidnaping along with some of his co-conspirators. The August 25, 2009 incident established that Garcia continued to conspire with some of the same co-conspirators in planning another kidnaping. Taken as a whole, the 404(b) evidence was offered for the permissible purpose of proving a similar modus operandi, with many of the same co-conspirators, and to refute Garcia's "mere presence" defense. *See United States v. Diaz-Lizaraza*, 981 F.2d 1216, 1225 (11 th Cir. 1993) (holding that evidence of a prior arrest for possession of marijuana with intent to distribute was admissible to

3

show the defendant's intent to commit the charged crime of conspiracy to possess and distribute cocaine where the defendant claimed he was simply not involved in alleged drug-related activities since the intent element was identical); *United States v. Abram*, 171 F. App'x 304, 315 (11th Cir. 2006) (per curiam) (holding that admission of prior uncharged robberies in a bank robbery prosecution was not an abuse of discretion because the uncharged acts were very similar to the charged acts and established a similar modus operandi). *Cf. United States v. Lail*, 846 F.2d 1299, 1301 (11th Cir. 1988) (holding that the district court abused its discretion by admitting prior uncharged acts because there were major dissimilarities between the charged and uncharged offenses). Garcia also claims he suffered undue prejudice because the government played the video of the August13, 2009 kidnaping. Since Garcia replayed the graphic video during his cross-examination of Hernandez, it is difficult for him to now claim undue prejudice. Finally, the judge gave limiting instructions both during Hernandez's testimony and the end of trial. *See Diaz-Lizaraza*, 981 F.2d at 1225 (holding that jury instructions on the limited use of 404(b) evidence mitigated any prejudice ).

Third, Garcia argues that the district court abused its discretion in denying his motion to strike a juror for cause. To the contrary, the district court did not abuse its discretion, let alone plainly err, by failing to remove juror Castellanos.

4

The record revealed no actual or implied bias nor did it show that Castellanos had a special relationship with Detective Gandarillas. *See United States v. Rhodes*, 177 F.3d 963, 965 (11th Cir. 1999) (stating that a district court abuses its discretion for failing to dismiss a juror for cause only if the prospective juror shows actual bias or when bias is implied because of some special relationship to a party). Garcia did not object to the district court's colloquy with Castellanos.

Next, Garcia contends that the district court abused its discretion in denying Garcia's motion for an evidentiary hearing and motion for a mistrial based on the jury's question concerning post-verdict safety. *See United States v. Prosperi*, 201 F.3d 1335, 1340 (11th Cir. 2000) (investigation of alleged juror misconduct is committed to the district court's discretion). However, nothing in the record suggests that the jury was subject to improper external influences or that the jurors were not participating in deliberations. *See United States v. Watchmaker*, 761 F.2d 1459, 1465-66 (11th Cir. 1985) (absent evidence that the jury was subjected to outside sources, the district court is not required to hold an evidentiary hearing). Any safety concerns were based on the record evidence of Garcia's violent criminal behavior. Finally, the jury entered a split verdict, demonstrating that the jury's verdict was based on careful consideration of the evidence rather than external factors. *Cf. Skilling v. United States*, – U.S. –, 130 S. Ct. 2896, 2916

5

(2010) (split verdict illustrated that the jury was not improperly influenced by negative pretrial publicity).

Fifth, Garcia asserts that he should have received a two-level reduction under U.S. Sentencing Guidelines Manual § 3B1.2(b) based on his minor role in the offense. The district court's determination that Garcia was not less culpable than his codefendants was not clearly erroneous. *See United States v. De Varon*, 175 F.3d 930, 937-40 (11th Cir. 1999) (en banc). The court found that Garcia's role of entering the stash house dressed as a police officer was an integral part of the plan to overcome the guards and minimize their resistance. Although he was one of three men who would be unarmed, this alone did not show him to be less culpable than most of the other participants in the scheme.

Finally, Garcia argues that his 292-month sentence was substantively unreasonable because it failed to adequately take into account the history and characteristics of the defendant and the need to avoid unwarranted sentencing disparities among defendants. *See* 18 U.S.C. § 3553(a)(1), (a)(6). Specifically, Garcia contends that the court failed to adequately factor in his serious heart problems, as well as the great sentencing disparities between him and his codefendants.

The sentence imposed was substantively reasonable. The court stated that

6

Garcia's prior conviction for robbery and impersonating a police officer was an extremely aggravating circumstance, committed while Garcia was on probation. In addition, the court noted that despite his serious medical condition, Garcia was able to participate in other violent felony offenses. Although Garcia's criminal history favored a sentence in the middle or upper end of the guideline range, the court nonetheless sentenced him at the low end of the range because of his medical problems.

Garcia was not similarly situated to his codefendants. Each had either provided substantial assistance to the government, had not been convicted of Counts 2 and 3, had fewer criminal history points, had pleaded guilty, or had some combination of these factors. *See United States v. Williams*, 526 F.3d 1312, 1323 (11th Cir. 2008) (per curiam) (holding that the defendant was not similarly situated to a co-conspirator for purposes of 18 U.S.C. § 3553(a)(6) because the co-conspirator had pleaded guilty pursuant to a written plea agreement, and his sentence reflected the substantial assistance he provided to the government by testifying against the defendant).

For the foregoing reasons, Garcia's conviction and sentence is **AFFIRMED**.