[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14374
Non-Argument Calendar
_____

D.C. Docket Nos. 0:19-cv-62498-WPD,
0:09-cr-60245-WPD-6

RAFAEL FERNANDEZ GARCIA,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 8, 2021)

Before GRANT, LUCK, and ED CARNES, Circuit Judges.

PER CURIAM:

The opinion previously issued in this appeal, Garcia v. United States, No. 19-14374, 2020 WL 6789038 (11th Cir. Nov. 19, 2020), is vacated and this revised opinion is substituted for it.

Rafael Fernandez Garcia, proceeding pro se, appeals the denial of his second or successive 28 U.S.C. § 2255 motion challenging his conviction for conspiring to use a firearm during and in relation to a drug trafficking crime or a crime of violence, in violation of 18 U.S.C. § 924(o).  The district court denied him a certificate of appealability (COA), and we construe his timely notice of appeal as an application for one.  See 11th Cir. R. 22-1(b).  We may issue a COA only if Garcia "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  He has not.

I.

In June 2009 an informant tipped off the police about a group of people who were committing home invasion robberies and kidnappings in south Florida.  The informant introduced an undercover investigator to one of the robbers, Garcia's codefendant Amaury Hernandez.  The ruse was that the investigator worked for some drug traffickers in the area.  The investigator told Hernandez that the traffickers he worked for had mistreated him, so he wanted to find some people to rob their stash house and steal 50 kilograms of cocaine.  In return for setting up the robbery, the investigator asked for a 10-kilogram cut of the drug proceeds.

2

Agreeing to the robbery, Hernandez said that he had a crew he could put together to do it.

Garcia was one member of that crew, and he and the other members met to discuss their plan to rob the stash house. The plan was that Garcia and two other robbers would go into the house first, dressed as police officers. Two armed robbers would follow them and use firearms to control the stash house guards. On the day of the robbery, Hernandez, the informant, and the investigator all rode together toward the stash house followed by a convoy of three cars containing the rest of the robbery crew. Garcia was in one of those three cars.

As the convoy was traveling to the stash house, law enforcement agents intercepted it and arrested all of the robbers. In one of the cars, they found a 12-gauge shotgun and a .380 caliber handgun. One member of the crew was carrying five 12-gauge shotgun shells. Garcia was not carrying a firearm or ammunition.

After his arrest, Garcia was indicted on five counts. Count 1 charged him with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); Count 2 charged him with conspiracy to possess five kilograms or more of cocaine with intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and 846; Count 3 charged him with attempted possession of five kilograms or more of cocaine with intent to distribute it, in violation of 21 U.S.C. §§ 841(a)(1) and 846; Count 4 charged him with conspiring to use a firearm during and in relation to a drug

trafficking crime or a crime of violence, in violation of 18 U.S.C. § 924(o); and Count 5 charged him with actually using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c).

The case went to trial and the jury returned a general verdict finding Garcia guilty of Counts 1 through 4 but not guilty of Count 5. On Count 4, which was the § 924(o) charge, the court had instructed the jury that it could find Garcia guilty only if it found that he had committed the crime of violence in Count 1 or the drug trafficking offenses in Counts 2 or 3. The jury's verdict did not specify which of those crimes was the predicate offense for Count 4. The district court entered judgment on the verdict and sentenced Garcia to a total of 292 months in prison, which included a concurrent statutory-maximum term of 240 months in prison on Count 4. Garcia's convictions and sentence were affirmed on direct appeal. See United States v. Garcia, 445 F. App'x 281 (11th Cir. 2011).

In September 2019 Garcia filed in this Court an application under 28 U.S.C. § 2255(h) for permission to file a second or successive motion to vacate, set aside, or correct his federal sentence under 28 U.S.C. § 2255.[1] He challenged his

---

[1] Garcia needed permission to file a § 2255 motion because he had already filed an earlier § 2255 motion in 2012, attacking the same judgment. See Garcia v. United States, No. 0:12-cv-60614, 2012 WL 12951431 (S.D. Fla. July 16, 2012); Mot. Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, Garcia v. United States, No. 0:12-cv-60614 (S.D. Fla. Apr. 5, 2012).

§ 924(o) conviction (Count 4), contending that one of the underlying predicates —

conspiracy to commit Hobbs Act robbery (Count 1) — no longer qualifies as a

crime of violence under the residual clause of § 924(c)(3)(B), in light of United

States v. Davis, 588 U.S. __, 139 S. Ct. 2319 (2019), which held that

§ 924(c)(3)(B) is unconstitutionally vague. See Davis, 588 U.S. at __, 139 S. Ct. at

2336.[2]  We granted Garcia's application in part and allowed him to proceed in the

district court with a challenge to his conviction on Count 4 because his application

made a prima facie showing that he met the statutory criteria of § 2255(h)(2) with

respect to that challenge.[3]

Without requiring a response from the government, the district court denied

Garcia's second or successive § 2255 motion on the merits because he could not

show that his § 924(o) conviction was predicated solely on conspiracy to commit

Hobbs Act robbery.  The court noted that the jury had found Garcia guilty of all

three predicate offenses, and the Hobbs Act conspiracy to rob the stash house and

steal 50 kilograms of cocaine was "inextricably intertwined" with the conduct that

---

[2] Garcia also raised a Davis challenge to his conviction for conspiracy to commit Hobbs Act robbery (Count 1), but this Court denied his application as to that claim.

[3] Under § 2244(b)(3) and § 2255(h), an applicant must make a prima facie showing that his second or successive § 2255 motion is based on either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h)(1)–(2).  Garcia's second or successive application relied on the new rule of constitutional law factor.

formed the basis of the two drug trafficking charges. The district court denied a COA.

II.

To obtain a COA, Garcia must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, "a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). Reasonable jurists would not find a claim that is foreclosed by binding circuit precedent to be debatable. Hamilton v. Sec'y, Fla. Dep't of Corr., 793 F.3d 1261, 1266 (11th Cir. 2015).

Garcia's § 2255 motion challenged his conviction for violating 18 U.S.C. § 924(o). That statute provides: "A person who conspires to commit an offense under [18 U.S.C. § 924(c)] shall be imprisoned for not more than 20 years, fined under this title, or both . . . ." Id. Section 924(c) prohibits using or carrying a firearm during and in relation to, or possessing one in furtherance of, "any crime of violence or drug trafficking crime." Id. § 924(c)(1)(A).

In Davis the Supreme Court invalidated part of § 924(c)'s definition of a crime of violence: the so-called residual clause, which covered any offense "that

6

by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Id. § 924(c)(3)(B); see Davis, 139 S. Ct. at 2336.  After Davis, to qualify as a crime of violence an offense must "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another." Id. § 924(c)(3)(A).  Davis did not, however, affect the definition of a drug trafficking crime, which includes "any felony punishable under the Controlled Substances Act." Id. § 924(c)(2).

Garcia's indictment alleged three different predicates for the § 924(o) charge: the crimes charged in Counts 1, 2, and 3.  Counts 2 and 3 — which, respectively, charged Garcia with conspiring to possess with intent to distribute five kilograms or more of cocaine and attempting to possess with intent to distribute that amount of cocaine — are unquestionably drug trafficking crimes because they are felonies punishable under the Controlled Substances Act.  See id. § 924(c)(2); 21 U.S.C. §§ 841(a)(1), 846.  But Count 1, which charged Garcia with conspiring to commit Hobbs Act robbery, is not a crime of violence after Davis. See Brown v. United States, 942 F.3d 1069, 1075–76 (11th Cir. 2019).  Nor is it a drug trafficking crime.  As a result, if Count 1 were the only predicate for Garcia's § 924(o) conviction, his conviction would be invalid and would have to be vacated under Davis.  But it wasn't.

We have addressed similar circumstances before, in the context of applications to file second or successive § 2255 motions. In In re Gomez, 830 F.3d 1225 (11th Cir. 2016), the petitioner had been charged with a § 924(c) offense predicated on two drug trafficking crimes, conspiracy to commit Hobbs Act robbery, and attempted Hobbs Act robbery. Id. at 1226–27. The jury returned a general guilty verdict on the § 924(c) charge. Id. at 1227. Because we could "only guess which predicate the jury relied on," and because it was unsettled under our precedent at the time whether conspiracy to commit Hobbs Act robbery was a crime of violence, we allowed the petitioner to file his second or successive § 2255 motion. Id. at 1228. A few years later, in In re Cannon, 931 F.3d 1236 (11th Cir. 2019), we reached the same conclusion under materially similar circumstances, allowing the petitioner to challenge his § 924(o) conviction in a second or successive § 2255 motion. See id. at 1243.

In some ways Garcia is in the same position as the petitioners in In re Gomez and In re Cannon. His indictment alleged multiple predicate offenses for the § 924(o) charge, and Davis establishes that one of those offenses is not a crime of violence. The jury returned a general verdict on the § 924(o) charge, meaning it is unclear which predicate offenses the jury relied on.[4]

---

[4] We recently held that a district court's jury instructions can resolve any ambiguity about the predicate offenses for a § 924(c) or (o) conviction. See In re Price, 964 F.3d 1045, 1048–49 (11th Cir. 2020). The jury instructions in this case, however, do not cure the ambiguity because,

What makes this case different, however, is the burden of proof that Garcia must meet. A petitioner who moves in the court of appeals for authorization to file a second or successive application under § 2244(b), like the petitioners in In re Gomez and In re Cannon did, must make only a prima facie showing that the statutory requirements of § 2255(h) are satisfied in order to receive authorization for the district court to consider his application. See § 2244(b)(3). Garcia did that and his § 2244(b) application was granted. He was authorized to and did file in the district court, but he failed to prevail on the merits there, which puts him in a different position than Gomez and Cannon were in.

As a § 2255 movant, Garcia bears the burden of proving that he is actually entitled to relief on his claims. See Beeman v. United States, 871 F.3d 1215, 1222 (11th Cir. 2017). He must do more than make just a prima facie showing; he "must show that — more likely than not —" his § 924(o) conviction was predicated only on a crime that is not a crime of violence or a drug trafficking crime. Id.; see also In re Cannon, 931 F.3d at 1243 ("Cannon, as the movant, still bears the burden of proving the likelihood that the jury based its verdict of guilty in Count 3 solely on the Hobbs Act conspiracy, and not also on one of the other valid

---

as we have mentioned, the jury was instructed that it could find Garcia guilty under § 924(o) if it found that he committed either the "crime of violence charged in Count 1" (conspiracy to commit Hobbs Act robbery) or "the drug trafficking offense charged in either Counts 2 or 3."

predicate offenses identified in the count (four drug crimes and two carjackings).") (citing Beeman, 871 F.3d at 1222).

The district court determined that Garcia had failed to meet his burden "to show that the jury based its verdict solely on the Hobbs Act Conspiracy." Garcia argues that the district court should have assumed that his § 924(o) conviction was based only on the one invalid predicate offense, and not on either or both of the two valid ones, because conspiracy to commit Hobbs Act robbery is the "least culpable" of the three. But, even assuming it is, we have focused on the "least culpable" criminal act only when determining whether an offense categorically qualifies as a crime of violence, not when determining which crime is the predicate for a defendant's § 924(c) conviction. See, e.g., United States v. Innocent, 977 F.3d 1077, 1085 (11th Cir. 2020) (citing Moncrieffe v. Holder, 569 U.S. 184, 190–91, 133 S. Ct. 1678 (2013)). The jury was not instructed that it could only convict on the least culpable or serious alternative and there is no reason to assume that it did.

Garcia also argues that when the district court determined that he had failed to carry his burden of showing the jury relied solely on the conspiracy offense as the predicate for its § 924(o) guilty verdict, it violated Alleyne v. United States, 570 U.S. 99, 115–16, 133 S. Ct. 2151, 2162–63 (2013) (holding that facts that increase mandatory minimum sentences must be submitted to the jury and found

beyond a reasonable doubt).  For support, Garcia relies on the <u>In re Gomez</u>

opinion, which said in dicta that:

> [t]he way Gomez's indictment is written, we can only guess which predicate the jury relied on.  It's possible that we can make a guess based on the PSI or other documents from Gomez's trial or sentencing.  But <u>Alleyne</u> expressly prohibits this type of "judicial factfinding" when it comes to increasing a defendant's mandatory minimum sentence.

830 F.3d at 1228.  It is the last sentence of that passage that Garcia latches onto for

support.  But whatever importance that statement may have in another context, it

does not apply here.

Garcia's § 924(o) conviction did not increase any mandatory minimum

sentence, <u>see</u> § 924(o) (providing that a person who conspires to commit an

offense under § 924(c) "shall be imprisoned for not more than 20 years, fined

under this title, or both"), so there was no forbidden <u>Alleyne</u> judicial factfinding.

In fact, as the district court pointed out, "Garcia would still be serving the same

292 month sentence" regardless of his § 924(o) conviction because he was

sentenced to 292 months imprisonment on the drug trafficking counts to run

concurrent with the 240 month sentence on his § 924(o) conviction and the 240

month sentence on his Hobbs Act conspiracy conviction.  He was sentenced at the

low end of his guidelines range, and his § 924(o) conviction did not result in an

increase to a mandatory minimum sentence.

Alleyne wouldn't help Garcia anyway because the district court did not make a factual determination of the sort described in Alleyne. Instead, the court concluded that the predicate offenses were "inextricably intertwined" — all three were based on the same robbery plan and the actions taken in furtherance of that plan. As a result, Garcia did not meet his burden of proving that the jury relied solely on the Hobbs Act conspiracy when it found him guilty of violating § 924(o).

We discussed the significance of intertwined predicate offenses in In re Cannon, but only in dicta. We noted that "the substance of Cannon's § 924(o) firearm conspiracy conviction is that he and his co-conspirators agreed to, and did, possess a firearm in furtherance of an agreement to rob drug dealers' stash houses and to distribute any narcotics stolen during those robberies." 931 F.3d at 1243. We observed that there was "some indication that the jury's § 924(o) verdict did not rest solely on" one of the predicate offenses, conspiracy to commit Hobbs Act robbery, "because (1) the robberies were inextricably intertwined with the charged conspiracy to possess with intent to distribute cocaine and marijuana, and (2) the jury found the narcotics conspiracy proven beyond a reasonable doubt." Id. at 1243–44. But we left those issues for the district court to consider in the first instance. Id. at 1244.

The district court here did something we could not do in In re Cannon: it considered in the first instance the factual overlap among Garcia's predicate

12

offenses. Garcia was charged in Count 1 with conspiracy to commit Hobbs Act robbery by "tak[ing] cocaine from an individual [he] believed to be engaged in narcotics trafficking . . . ." As we recognized in his direct appeal, Garcia was "fully aware" that the goal of the conspiracy was to commit the robbery to get the cocaine. Garcia, 445 F. App'x at 283. All indications are that the jury did not rely solely on the Hobbs Act conspiracy predicate, in light of the three predicates being wrapped up in the same plan to rob the stash house to steal a large amount of cocaine, and the jury found that those three predicate offenses were all proven beyond a reasonable doubt. There is simply no indication in the record that Garcia's § 924(o) conviction was predicated only on the Hobbs Act conspiracy charge, nor does he make any factual argument or point to any evidence in the record that it was.

"Where, as here, the evidence does not clearly explain what happened . . . the party with the burden loses." Beeman, 871 F.3d at 1225 (quoting Romine v. Head, 253 F.3d 1349, 1357 (11th Cir. 2001)). Garcia failed to "show that — more likely than not —" his § 924(o) conviction was predicated only on a crime that is not a crime of violence or a drug trafficking crime. See Beeman, 871 F.3d at 1222. For that reason, reasonable jurists would not find that "the district court's assessment of the constitutional claims [was] debatable or wrong," see Slack, 529 U.S. at 484, 120 S. Ct. at 1604.

13

III.

For those reasons, we **DENY** a certificate of appealability and **DISMISS** the

appeal.[5]

---

[5] Garcia filed a document that we construe as a motion for leave to file an out-of-time reply brief, and that motion is DENIED AS MOOT.