[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-14040

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RAFAEL FERNANDEZ GARCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:09-cr-60245-WPD-6

_____

Before WILSON, LUCK, and ED CARNES, Circuit Judges.

PER CURIAM:

Rafael Fernandez Garcia, acting *pro se*, appeals the district court's sua sponte denial of a sentence reduction under 18 U.S.C. § 3582(c)(2) and Part A of Amendment 821 to the sentencing guidelines. Fernandez Garcia contends that the court abused its discretion in finding that a reduction was not warranted based on the 18 U.S.C. § 3553(a) factors. We disagree with that contention and affirm the district court's judgment.

## I.

In 2010 a jury found Fernandez Garcia guilty of one count of conspiracy to commit Hobbs Act robbery, one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine, one count of attempting to possess with intent to distribute five kilograms or more of cocaine, and one count of conspiracy to use and carry a firearm during and in relation to a crime of violence (the Hobbs Act robbery) and a drug trafficking crime (the cocaine offenses). The charges arose out of a reverse sting operation in which the co-conspirators agreed to rob a cocaine stash house.

Applying the 2009 version of the sentencing guidelines, the presentence investigation report assigned Fernandez Garcia a total offense level of 38 based on the quantity of drugs involved and the possession of a dangerous weapon. *See* U.S.S.G. § 2D1.1(a)(5), (b)(1), (c) (Nov. 2009). It also gave Fernandez Garcia five criminal history points: (1) two points for his 2008 convictions for

robbery/carjacking, kidnapping, falsely impersonating an officer, false imprisonment with a deadly weapon, and attempted armed robbery; (2) two points under § 4A1.1(d) because Fernandez Garcia had committed the offenses while on probation for another offense; and (3) one point under U.S.S.G. § 4A1.1(e) because Fernandez Garcia had committed the offenses less than two years after his release from custody on another offense. Those five criminal history points yielded a criminal history category of III. *See* U.S.S.G. § 5A.

Based on his total offense level of 38 and criminal history category of III, Fernandez Garcia's advisory guidelines range was 292 to 365 months. The government filed a motion for an upward departure under U.S.S.G. § 4A1.3, contending that Fernandez Garcia's criminal history score underrepresented the danger he posed to society. Specifically, the government pointed out that Fernandez Garcia had prior convictions for grand theft motor vehicle, grand theft third degree, and grand theft second degree, for which he had not been assigned any criminal history points. It also argued that Fernandez Garcia's criminal history score did not account for two other robbery/kidnapping offenses he attempted to commit during the month leading up to his arrest.

The district court denied the government's motion and sentenced Fernandez Garcia to 292 months in prison. It acknowledged Fernandez Garcia's prior unscored convictions and found that his prior scored conviction for robbery and impersonating a police officer was an "extremely aggravating circumstance," but after

considering the § 3553(a) factors the court concluded that a sentence at the low end of the guidelines range was "fair and reasonable." Fernandez Garcia appealed, and we affirmed. *United States v. Garcia*, 445 F. App'x 281 (11th Cir. 2011).

Fernandez Garcia filed several postconviction motions attacking his sentence or seeking to reduce it, none of which was successful.

In October 2023 the court issued a sua sponte order asking the government to address whether Fernandez Garcia's sentence should be reduced in light of Part A of Amendment 821 to the sentencing guidelines. That amendment, which has been made retroactively applicable, revised § 4A1.1 so that a defendant does not receive any additional criminal history points for committing the offense for which he is being sentenced while on probation for another offense, so long as he has six or fewer criminal history points under the other provisions of § 4A1.1. U.S.S.G. App. C, Amend. 821 (effective Nov. 1, 2023); *see* U.S.S.G. App. C, Amend. 825 (effective Nov. 1, 2023) (making Amendment 821 retroactively applicable).

The government responded that Fernandez Garcia was eligible for, but not entitled to, a sentence reduction under Amendment 821. It noted that Fernandez Garcia's amended criminal history category would be II, resulting in a guidelines range of 262 to 327 months (instead of 292 to 365 months, which was the range under which he was sentenced). But it nonetheless opposed any sentence reduction, contending that it would be inconsistent with

the § 3553(a) sentencing factors. The government again pointed to the "seriousness of the defendant's criminal history" and the "danger [he] poses to society," and it argued that a reduced sentence would fail to adequately reflect the nature and circumstances of the offenses, the history and characteristics of the defendant, and the need to promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public.

The court issued an order denying Fernandez Garcia a sentence reduction. It explained that it had considered the § 3553(a) factors and "agree[d] with the Government's response" that a reduction was not warranted. Fernandez Garcia then filed his own response, urging the court to reduce his sentence and attaching prison records related to his rehabilitation efforts. The court issued an amended order stating that it had considered Fernandez Garcia's filing but that his response did not change its determination that the § 3553(a) factors "militate against a reduction." The court also noted that it had denied four previous motions by Fernandez Garcia to reduce his sentence, and explained that "[t]he bases for those denials" (which included concern that a reduced sentence would not promote respect for the law, afford adequate deterrence, or protect the public) "are still valid."

Fernandez Garcia appealed.

## II.

Under 18 U.S.C. § 3582(c)(2), a district court has the authority to modify a defendant's term of imprisonment if the defendant was sentenced "based on a sentencing range that has subsequently

been lowered by the Sentencing Commission." *See also* U.S.S.G. § 1B1.10(a)(1). But even where a retroactively applicable guidelines amendment lowers a defendant's applicable guidelines range, "the district court still retains discretion to determine whether a sentence reduction is warranted." *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

We review *de novo* whether a defendant is eligible for a sentence reduction under § 3582(c)(2). *United States v. Colon*, 707 F.3d 1255, 1258 (11th Cir. 2013); *see United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). But we review the district court's denial of an eligible defendant's sentence reduction request under § 3582(c)(2) only for an abuse of discretion. *United States v. Smith*, 568 F.3d 923, 926 (11th Cir. 2009). A district court abuses its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors" by balancing them unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks omitted).

Fernandez Garcia is eligible for a sentence reduction under Amendment 821. The government doesn't dispute that point. The only question is whether the district court abused its discretion when it declined to reduce Fernandez Garcia's sentence. Fernandez Garcia contends that the court did abuse its discretion in balancing the § 3553(a) factors by giving too much weight to his pre-offense conduct and failing to consider his evidence of post-

sentencing rehabilitation. He believes that because the § 3553(a) factors yielded a bottom-of-the-guidelines-range sentence at his original sentencing, he should be re-sentenced to the bottom end of his amended guidelines range.

When a district court considers a § 3582(c)(2) motion, it must first recalculate the guidelines range under the amended guidelines. *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). Then, the court must "decide whether, in its discretion, it will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence." *Id.* at 781. In making that decision, the court must consider the § 3553(a) factors[1] and the nature and severity of the danger to any person posed by a sentence reduction, and it may consider the defendant's post-sentencing conduct. *Smith*, 568 F.3d at 927; *see Bravo*, 203 F.3d at 781; *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009); U.S.S.G. § 1B1.10 cmt. n.1(B).

While the court must consider the § 3553(a) sentencing factors, "it commits no reversible error by failing to articulate

---

[1] The factors to be considered under § 3553(a) include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment"; (4) the need for adequate deterrence; (5) the need to protect the public from further crimes; (6) the kinds of sentences available; (7) the guidelines range; (8) any pertinent policy statements from the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities among defendants; and (10) the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a).

specifically the applicability — if any — of each of the section 3553(a) factors, as long as the record demonstrates that the pertinent factors were taken into account." *Smith*, 568 F.3d at 927 (quotation marks omitted). "[T]he weight given to each factor is committed to the sound discretion of the district court," and we do not second guess the weight given to a factor "so long as the sentence is reasonable under the circumstances." *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022).

The district court did not abuse its discretion in denying Fernandez Garcia a sentence reduction. The court accurately determined that Fernandez Garcia was eligible for a reduced sentence and correctly calculated his adjusted guidelines range under Amendment 821. Acting within its broad discretion, the court then concluded that the § 3553(a) factors did not support a reduced sentence. It is clear from the record that the court considered the pertinent § 3553(a) factors and balanced them reasonably. *See Smith*, 568 F.3d at 927–28; *Williams*, 557 F.3d at 1256; *Irey*, 612 F.3d at 1189. Though the court was not required to take Fernandez Garcia's post-sentencing conduct into account, *see United States v. Caraballo-Martinez*, 866 F.3d 1233, 1249 (11th Cir. 2017), the record shows that it did so when it stated that Fernandez Garcia's filing "does not change the court's ruling."

Fernandez Garcia's 292-month sentence is reasonable under the totality of the circumstances, and especially so because it is within his amended guidelines range. *See Butler*, 39 F.4th at 1355. Fernandez Garcia is essentially asking us to re-weigh the § 3553(a)

23-14040                Opinion of the Court                    9

factors, which we will not do.  *See id*.  The district court did not abuse its discretion in deciding not to reduce Fernandez Garcia's 292-month sentence.

**AFFIRMED.**